UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL RAAR, 177223,

        Petitioner,

v.                                       Case No. 12-cv-10194
                                        Honorable Marianne O. Battani

STEVE RIVARD,

        Respondent.
_____/

## ORDER
## DISMISSING THE HABEAS PETITION, CLOSING THIS CASE,
## AND DIRECTING THE CLERK OF THE COURT
## TO TRANSFER THE FILING FEE TO CASE NO. 12-cv-10161

Petitioner Randall Raar has filed a *pro se* habeas corpus petition challenging his 2007 Wayne County convictions for (1) using a computer or the Internet to engage in a prohibited communication, (2) possession of child sexually abusive material, (3) felon in possession of a firearm, and (4) felony firearm. The habeas petition was signed on January 10, 2012, and filed by the Clerk of the Court on January 17, 2012. The supporting brief alleges that (1) the evidence was insufficient to convict Raar of felon in possession of a firearm and felony firearm, (2) the trial court violated Raar's right to due process by denying his request to discharge his attorney after a breakdown in the attorney-client relationship, (3) the improper qualification of an expert witness violated court rules and deprived Raar of his rights to due process and a fair trial, (4) the trial court did not articulate substantial and compelling reasons to depart upward from the recommended sentence range of zero to thirteen months, (5) Raar's Fourth Amendment rights were violated, and (6) Raar was subjected to vindictive prosecution in retaliation for his criticisms of the

Michigan Department of Corrections and the State of Michigan.

Raar filed an identical habeas corpus petition in this District shortly before he filed the petition in this case. See Raar v. Rivard, No. 12-cv-10161 (E. D. Mich. Jan. 13, 2012). When faced with duplicative lawsuits, a federal court

> may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit. Smith v. SEC, 129 F.3d 356, 361 (6th Cir. 1997).
>
> "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000); see also Missouri v. Prudential Health Care Plan, Inc., 259 F.3d 949, 953-54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

Twaddle v. Diem, 200 F. App'x 435, 438 (6th Cir. 2006) (alterations in original).

There is no reason to stay this action or to allow it to proceed, because the issues can be resolved in the prior habeas case. The Court therefore elects to dismiss this lawsuit without prejudice as duplicative of the habeas petition filed in case number 12-cv-10161. This case is hereby closed. Finally, because it appears that Raar may not have intended to file a second lawsuit challenging the same convictions, the Clerk of Court is **ORDERED** to use the filing fee submitted in this case to cover the cost of the filing fee in case number 12-cv-10161.

        s/Marianne O. Battani  
        MARIANNE O. BATTANI  
        UNITED STATES DISTRICT JUDGE

Dated: January 31, 2012

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner, Randall Raar, via ordinary U.S. Mail.

s/Bernadette M. Thebolt
Case Manager
